An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ROBERT J. SMEATH, TRUSTEE OF THE KAFOURY ARMSTRONG & CO., PROFIT SHARING PLAN AND TRUST AS TO AN UNDIVIDED 10.3333% INTEREST, Appellants, vs. V.I.P. TRUST DEED COMPANY, A CALIFORNIA CORPORATION; AND NEVADA TRUST-DEED SERVICES, INC., A NEVADA CORPORATION, Respondents. | No. 58756 <br><br> **FILED** <br><br> FEB 28 2013 <br><br> TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY _____ DEPUTY CLERK |



## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment in a real property action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

The original owner of the subject property executed a note in favor of Mortgage Mart Principal Trust in the amount of $550,000 that was secured by a deed of trust on the property. Shortly thereafter, the owner took out a new loan on the property, and $550,000 of the proceeds from the new loan was to be used to pay off Mortgage Mart's note. Although Mortgage Mart directed that $210,000 of the loan proceeds be reinvested in the new loan, the $210,000 was instead paid to a third-party entity.

Subsequently, the original owner of the subject property executed two notes, also secured by deeds of trust on the property, in favor of appellant Robert Smeath. After the original owner defaulted, Smeath

foreclosed on both of the notes and allegedly acquired title to the subject property. Upon discovering that the $210,000 had been paid to a third-party instead of being reinvested in the new loan, Mortgage Mart commenced foreclosure proceedings on the subject property and sold its note to respondents V.I.P. Trust Deed Company and Nevada Trust-Deed Services, Inc. (collectively, VIP Trust), who later purchased the subject property at a foreclosure sale.

Smeath filed a complaint to quiet title in the district court and a lis pendens on the subject property on the theory that Mortgage Mart's note had been paid in full and that Mortgage Mart had directed that the $210,000 be paid to the third-party entity after Mortgage Mart had received the funds in satisfaction of its note. VIP Trust sought to have the lis pendens expunged and moved for summary judgment on Smeath's quiet title complaint. The district court granted both of VIP Trust's motions. This appeal follows.

Because there is no evidence in the record showing that Mortgage Mart was paid the $210,000 on its note, we perceive no genuine issue of material fact as to whether the mortgage note was paid in full. See Breliant v. Preferred Equities Corp., 112 Nev. 663, 669, 918 P.2d 314, 318 (1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself"); Sparks v. Alpha Tau Omega Fraternity, 127 Nev. ___, ___, 255 P.3d 238, 242-43 (2011) (we review a district court order granting summary judgment de novo, and summary judgment is appropriate when no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law). Thus, we conclude that the district court did not err in granting summary judgment in favor of VIP Trust. Further, we conclude that the district

court did not abuse its discretion by expunging the lis pendens because Smeath cannot succeed on his quiet title claim since the mortgage note was never fully satisfied. See Zhang v. Dist. Ct., 120 Nev. 1037, 1043, 103 P.3d 20, 24 (2004), abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008); NRS 14.015(3)(a).[1]

Accordingly, we ORDER the judgment of the district court AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Timothy C. Williams, District Judge
        Thomas J. Tanksley, Settlement Judge
        Fidelity National Law Group
        Law Office of Edgar C. Smith
        Eighth District Court Clerk

---

[1]We further conclude that the district court did not abuse its discretion by refusing to grant Smeath's request for a continuance of the motion for summary judgment under NRCP 56(f) to allow him to conduct discovery. Smeath did not make his request for a continuance in a separate affidavit as required by NRCP 56(f). See Choy v. Ameristar Casinos, Inc., 127 Nev. ___, ___, 265 P.3d 698, 700 (2011) (holding that no continuance of summary judgment will issue pursuant to NRCP 56(f) where the party fails to make the request in a separate affidavit).